UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SENSORCOM, INC.  \*
1 Park Place, Suite 300
Annapolis, MD 21401
Anne Arundel County  \*

    Plaintiff  \*

    v.  \*  Case No.: _____

SCITOR, CORP.  \*
2551 Corporate Park Drive
Herndon, VA 20171  \*

    Serve on Resident Agent:
        The Corporation Trust Inc.  \*
        300 E. Lombard St.
        Baltimore, MD 21202  \*

    Defendant  \*

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

SensorCom, Inc., Plaintiff, by Hartman and Egeli, and C. Edward Hartman, III, its attorneys, hereby sues Scitor, Corp., Defendant, and for its cause of action states:

## PARTIES

1.     Plaintiff SensorCom, Inc., (hereinafter "SensorCom"), is a corporation incorporated in the State of Maryland and whose principal place of business is Maryland. It is engaged in the business of developing and delivering data acquisition and signal processing systems.

1

2.     Defendant Scitor, Corp. (hereinafter "Scitor") is a corporation incorporated in the State of Delaware and whose principal place of business is Virginia. It is engaged in the business of providing engineering, financial, management and related services.

## JURISDICTION AND VENUE

3.     This court has jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000 and the corporate parties are citizens of different states.

4.     This court is a proper venue under 28 U.S.C. §1391(c). Defendant corporation is registered and maintains a resident agent in Maryland.

## FACTS COMMON TO ALL COUNTS

5.     Scitor entered into a prime contract, identified as FA8521-05-D-0302, with the United States government which required Scitor to undertake Task Orders. According to the Federal Acquisition Regulation ("FAR") 2.101, a Task Order is an order for services placed against an established contract or with Government sources.

6.     Scitor and SensorCom entered into the Agreement at issue here, attached hereto as Exhibit A, identified as SEN-05-D-0302. The Agreement was a subcontract of the above—referenced prime contract. Under the Agreement, SensorCom agreed to perform tasks to assist in fulfilling the prime contract with the expectation of payment for those services. The Agreement is subject to and incorporates by reference the FAR. There is no contractual privity between SensorCom and the United States Government.

7.     On or about June 6, 2007, a Task Order was signed by Scitor and SensorCom, attached hereto as Exhibit B. The Order estimated SensorCom's costs and services to be in excess of $12 million. SensorCom began performing under the Order and Agreement.

8.	On or about September 2, 2008, the government terminated for convenience the efforts of SensorCom under the subcontract and Task Order. Scitor notified SensorCom of this development on or about September 3, 2008.

9.	On or about October 14, 2008, pursuant to FAR 49.206-1, SensorCom submitted an Interim Settlement Proposal, indicating costs and services rendered to be worth $4,472,432.00. In addition, SensorCom submitted a Request for Partial Payment in the amount of $1,576,903.16. These documents are attached hereto as Exhibit C. On or about January 8, 2009, SensorCom submitted a Final Termination Settlement Proposal of $4,557,093 and Request for Partial Payment of $3,614,988, attached hereto as Exhibit D.

10.	Section 10 of the Agreement provides the process by which SensorCom would receive payment for work accomplished. SensorCom has complied with this section. To this date, a full year after termination for convenience, SensorCom has received no payment for any of its work performed or for costs incurred under the subcontract.

11.	Scitor has obstructed SensorCom in its pursuit of entitled relief. Their actions, or more appropriately non-actions, have caused SensorCom, a small business, to experience dire financial consequences. Their outlay of over $4 million without reimbursement has caused, among other things, loss of cash flow, loss of credit and employee layoffs.

12.	SensorCom has attempted to assist both Scitor and the Government in order to quickly settle these claims. SensorCom has been ignored or stone-walled at each request. SensorCom has been forced to plead directly to the Contracting Officer, Scitor, and Congress for assistance in its legal right to payment. As of this date, no payment has been forthcoming.

## COUNT I
## BREACH OF CONTRACT

13. SensorCom incorporates by reference the allegations in paragraphs 1-12.

14. According to the Agreement, "the subcontractor agrees to perform up to the point at which the total amount payable by Scitor, including reimbursement in the event of termination of those item(s) for the Government's convenience, approximates the total amount currently allotted to the subcontract. As used in this clause, the total amount payable by Scitor in the event of termination of applicable contract line item(s) for convenience includes costs, profit, and estimated termination settlement costs for those item(s)."

15. Scitor has failed to pay SensorCom for any work completed or costs incurred. SensorCom has submitted multiple invoices for work accomplished, to no avail. Pursuant to the contract, Scitor is liable to SensorCom for these costs. Failure to pay is a material breach of contract.

WHEREFORE, Plaintiff SensorCom requests relief in the amount of $4,557,093 plus interest for reimbursement for services and costs; and

$5,000,000 for incidental/consequential damages of the breach of contract; and

Any and all costs associated with this proceeding.

## COUNT II
## BREACH OF CONTRACT

16. SensorCom incorporates by reference the allegations in paragraphs 1-15.

17. FAR 49.108-1 dictates that "the prime contractor and each subcontractor are responsible for the prompt settlement of the settlement proposals of their immediate

4

subcontractors." Furthermore, FAR 49.108-8(b) establishes the general rule that "the prime contractor is obligated to settle and pay" settlement proposals submitted by the subcontractor.

18. It has been nearly a year since the initial proposal was submitted, and it has not been settled or paid. Scitor's refusal to negotiate a settlement in good faith violates the primary objective of FAR, listed in 49.201. Scitor's obstruction of SensorCom's pursuit of its entitled relief is a clear violation of FAR and therefore a breach of contract.

WHEREFORE, Plaintiff SensorCom requests relief in the amount of $4,557,093 plus interest for reimbursement for services and costs; and

$5,000,000 for incidental/consequential damages of the breach of contract; and

Any and all costs associated with this proceeding.

## COUNT III
## BREACH OF CONTRACT

19. SensorCom incorporates by reference the allegations in paragraphs 1-18.

20. Upon receiving a termination notice, the prime contractor is required by FAR 49-104(h) to "promptly submit the contractor's own settlement proposal, supported by the appropriate schedules …"

21. SensorCom submitted an Interim Settlement Proposal on or about October 14, 2008 and a Final Settlement Proposal in January, 2009. Scitor did not submit a settlement proposal until February, 2009, under threat of legal action and 5 months after receiving the notice. Scitor's delay in submitting its proposal has violated SensorCom's contractual right to receive prompt relief, and is therefore a breach of contract.

WHEREFORE, Plaintiff SensorCom requests relief in the amount of $4,557,093 plus interest for reimbursement for services and costs; and

$5,000,000 for incidental/consequential damages of the breach of contract; and

Any and all costs associated with this proceeding.

## COUNT IV
## BREACH OF CONTRACT

22. SensorCom incorporates by reference the allegations in paragraphs 1-21.

23. FAR 49.112-1(a) requires that government "process applications for partial payments promptly" after receiving interim or final settlement proposals.

24. Scitor has consistently taken the position that the termination is between the Government and SensorCom, that the Government has the responsibility to decide whether to make a partial payment, and that Scitor will not make partial payment until the Government makes such a payment to Scitor.

25. SensorCom has no privity of contract with the Government, and therefore cannot demand partial payment under the subcontract.

26. On or about October 15, one day after submitting its Initial Settlement Proposal, the Government's Contracting Officer indicated that he needed Scitor's settlement proposal to process SensorCom's request for partial payment. Scitor did not submit its proposal until February, 2009. The lateness of the submission prevented prompt processing of SensorCom's application for partial payment.

27. As of this date, there has been no determination of SensorCom's application for partial payment, one year after the termination. This is a breach of contract.

WHEREFORE, Plaintiff SensorCom requests relief in the amount of $4,557,093 plus interest for reimbursement for services and costs; and

$5,000,000 for incidental/consequential damages of the breach of contract; and

Any and all costs associated with this proceeding.

## COUNT V.
## BREACH OF CONTRACT

28.     SensorCom incorporates by reference the allegations in paragraphs 1-27.

29.     FAR 49.107(a) requires auditing of each settlement proposal of $100,000. In addition, under FAR 49.107(c)(1) it is the responsibility of the prime contractor and each subcontractor to conduct accounting reviews and any necessary field audits.

30.     Scitor has failed to conduct the accounting reviews and field audits. They also failed to request that the Government perform such an audit, even though the Contracting Officer indicated that he would seek an audit on or about October 15, 2008.

31.     On or about February 23, 2009, SensorCom was notified that the Contracting Officer requested an audit from the Defense Contract Audit Agency ("DCAA").

32.     SensorCom had previously threatened to take legal action by February 23, 2009 if no payment had been forthcoming.

33.     Scitor's failure to conduct its own audit and its failure to request a Government audit has resulted in the delay of any determination as to the status of SensorCom's request. This delay is a clear violation of the FAR, and is therefore a breach of contract.

WHEREFORE, Plaintiff SensorCom requests relief in the amount of $4,557,093 plus interest for reimbursement for services and costs; and

$5,000,000 for incidental/consequential damages of the breach of contract; and

Any and all costs associated with this proceeding.

## COUNT VI.
## BREACH OF CONTRACT/GOOD FAITH AND FAIR DEALING

7

34. SensorCom incorporates by reference the allegations in paragraphs 1-33.

35. SensorCom has a reasonable expectation under the contract to receive payment for its performance in a reasonable, timely manner.

36. Scitor has consistently failed to assure SensorCom of payment under the contract.

37. Scitor's violations of the FAR and its failure to exercise reasonable care in obtaining payment for SensorCom are violations of the duty of good faith and fair dealing implied in all contracts.

38. Such a breach forms the basis for a claim of breach of contract.

WHEREFORE, Plaintiff SensorCom requests relief in the amount of $4,557,093 plus interest for reimbursement for services and costs; and

$5,000,000 for incidental/consequential damages of the breach of contract; and

Any and all costs associated with this proceeding.

## COUNT VII
## UNJUST ENRICHMENT/QUANTUM MERUIT

39. SensorCom incorporates by reference the allegations in paragraphs 1-38.

40. SensorCom performed valuable services under the terms of the Agreement and Task Order. The Agreement was a subcontract of the prime contract between Scitor and the government.

41. SensorCom's performance assisted Scitor in fulfilling its obligations under the prime contract.

42. Scitor had knowledge of SensorCom's performance.

43.     Scitor has not paid for SensorCom's performance, thereby obtaining the benefit of such performance without detriment.

44.     It would be inequitable and unjust for Scitor to retain the value of SensorCom's performance without reimbursing SensorCom for the value received.

WHEREFORE, Plaintiff SensorCom requests relief in the amount of $4,557,093 plus interest for reimbursement for services and costs; and

Any and all costs associated with this proceeding.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on any and all qualifying issues.

HARTMAN AND EGELI, LLP

By:     /s/ C. Edward Hartman, III
        C. Edward Hartman, III (Bar No. 07716)
        116 Defense Highway, Suite 300
        Annapolis, MD 21401-8962
        Telephones:   (410) 266-3232 (Annapolis)
                      (410) 841-6000 (Baltimore)
                      (301) 261-8800 (Washington)
        Attorney for Plaintiff