IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SENSORCOM, INC., | * | |
| | * | |
| v. | * | Civil Case No. JFM-09-3143 |
| | * | |
| SCITOR, INC. | * | |

MEMORANDUM

On April 14, 2011, at the close of a bench trial, I indicated my intention to award SensorCom, Inc., the plaintiff in this action, a judgment of $2,276,000 against Scitor, Inc., the defendant. At the time, I noted that this amount would be subject to modification, pending a decision on SensorCom's motion for attorneys' fees and prejudgment interest. For the reasons that follow, I now hold that SensorCom is not entitled to attorneys' fees. I will, however, increase the judgment amount by $200,514.03 to reflect prejudgment interest due to SensorCom.

I.  Factual Background

Scitor is a prime contractor on Contract No. FA8521-05-D0302, a defense contract with the United States Air Force. On December 18, 2006, Scitor and SensorCom entered into Subcontract No. SEN-05-D-0302, a subcontract of Scitor's prime contract with the government. The subcontract, which incorporated by reference the provisions of the Federal Acquisition Regulation ("FAR"), required SensorCom to complete Task Order No. 17 at an estimated cost of approximately $12 million. SensorCom began performing under the subcontract and received payment for the contract line items it completed.

On September 3, 2008, Scitor notified SensorCom that the subcontract would be terminated for convenience. Pursuant to FAR 49.108-8, Scitor requested that the government step in and resolve any settlement proposals submitted by subcontractors, but the government declined to do so. Consequently, on October 14, 2008, SensorCom submitted an interim settlement proposal to Scitor.[1] SensorCom followed this interim proposal with a final settlement proposal, submitted to Scitor on January 8, 2009. After Scitor requested clarification on certain issues in the proposal, SensorCom responded by letter dated February 9, 2009. In the letter, SensorCom attempted to provide the clarification sought by Scitor, but it also made clear that its proposal was final and would not be changed. The letter concluded by demanding that Scitor either pay the settlement proposal or forward it on to the government so that the government could make its own determination. Scitor chose this latter option and forwarded SensorCom's settlement proposal to the Defense Contract Audit Agency ("DCAA") for verification of SensorCom's claimed costs. Unfortunately, the DCAA audit took much longer to complete than was expected, and a report was not issued until November 5, 2009.

Based upon the results of the DCAA audit, Scitor refused to pay the amount requested in SensorCom's settlement proposal. Accordingly, on November 25, 2009, SensorCom filed suit against Scitor for breach of contract. After a bench trial, I determined that Scitor was liable for breach of contract under Count Two of the complaint, and I indicated that I would award SensorCom a judgment in the amount $2,276,000 against Scitor. I also requested that the parties submit supplemental briefing on the question of whether SensorCom is entitled to attorneys' fees and prejudgment interest. This memorandum and the accompanying order address these issues.

---

[1] Some of the cost information contained in this interim settlement proposal was initially redacted, but SensorCom submitted unredacted cost information and inventory forms to Scitor in November 2008.

II.     Attorneys' Fees

SensorCom claims that it is entitled to collect approximately $285,000 in expert witness and attorneys' fees. Under the so-called "American Rule," "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *See, e.g.*, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). There are, of course, exceptions to this rule, and attorneys' fees may be awarded if permitted by statute or a contractual provision. Thus, the question in this case is whether the FAR, as incorporated into the contract between SensorCom and Scitor, permits the recovery of attorneys' fees incurred in the prosecution of a claim. I hold that it does not.

FAR 31.205-42, in relevant part, authorizes the recovery of all "accounting, legal and clerical work . . . reasonably necessary for . . . preparation and presentation of settlement proposals." Similarly, FAR 52.249-2(g)(3) permits recovery of "the reasonable costs of settlement of the work terminated, including . . . accounting, legal, clerical and other expenses reasonably necessary for the preparation of termination settlement proposals and supporting data." SensorCom contends that these provisions permit it to recover the attorneys' fees it incurred in litigating its breach of contract claim. Scitor maintains, however, that the above language makes clear that FAR permits the recovery of attorneys' fees incurred during *settlement* efforts, but not those fees incurred in the prosecution of a claim. Scitor is correct.

SensorCom acknowledges, as it must, that its attorneys' fees were incurred during the litigation of its claim and not during traditional settlement negotiations. The crux of SensorCom's argument, however, is that Scitor failed to agree to a settlement, and so "[t]his lawsuit was the only way that SensorCom would ever get paid." (Pl.'s Reply at 4.) In that sense, then, SensorCom argues that the litigation of its claim was really just an extended attempt

to settle the case and that its fees are therefore recoverable under the FAR. (*Id.* at 5.) Such an argument would mean that everything SensorCom did through the conclusion of the bench trial—including filing motions in limine, sparring over discovery issues, and preparing expert witnesses—falls under the umbrella of the "preparation and presentation of settlement proposals." FAR 31.205-42. This I cannot accept.

SensorCom claims that "[t]here is no distinction anywhere in this contract between attorneys' fees spent demanding payment from Scitor outside of court and attorneys' fees spent demanding payment from Scitor with the aid of the court." (Pl.'s Reply at 4-5.) Yet FAR Part 31, which deals with the award of attorneys' fees, expressly distinguishes between attorneys' fees incurred in the "preparation and presentation of settlement proposals," which are recoverable, and attorneys' fees "incurred in connection with . . . the prosecution of claims or appeals," which are not. *Compare* FAR 31.205-42(g)(1)(i)(A), *with* FAR 31.205-47(f)(1). Recent case law draws a similarly clear distinction. Earlier this year, the Court of Federal Claims rejected an application for attorneys' fees incurred in connection with litigation arising from the government's termination for convenience of a services contract. In holding that attorneys' fees were not recoverable, the court explained:

> [T]o the extent settlement proposal costs were incurred after the commencement of this litigation, the costs are improper because the FAR provides for settlement costs submitted to the contracting officer as a result of the termination. Settlement costs incurred because of pending litigation are not compensable under the FAR.

*OK's Cascade Co. v. United States*, 2011 U.S. Claims LEXIS 147, at *43 (Fed. Cl. Feb 25, 2011).[2] In keeping with this decision, which tracks the plain language of FAR Part 31, it is

---

[2] SensorCom attempts to downplay the significance of *OK's Cascade* on the ground that the Federal Circuit also found the plaintiff's attorneys' fee calculations to be unreliable under FAR 49.206-1. 2011 U.S. Claims LEXIS 147, at *43. This finding in no way undermines the court's declaration that costs incurred because of pending litigation are not recoverable. Further,

4

evident that the costs incurred by SensorCom in pursuing its breach of contract claim are not recoverable as attorneys' fees.

In an attempt to counter this seemingly clear precedent, SensorCom relies on *Kalvar Corp. v. United States*, 543 F.2d 1298 (Ct. Cl. 1976), in which the plaintiff contractor sued the government for breach of a requirements contract. Prior to the filing of the suit, the contractor had not submitted any termination settlement proposal, as there had been no termination for convenience by the government. At oral argument before the Court of Claims, however, it was discovered that the contract in question contained a provision which, by operation of law, "effectively converted any breach to a termination for convenience by the government." *Id.* at 196-97. Because the effect of a termination for convenience had not previously been raised, the court ordered the parties to file additional briefing addressing whether the plaintiff had incurred any costs recoverable under the termination for convenience clause. *Id.* at 197. The contractor sought attorneys' fees for the cost of preparing and filing this supplemental briefing.

Although legal fees incurred after the initiation of litigation usually are not recoverable, FAR 31.205-47(f)(1), the court awarded the contractor the requested attorneys' fees in light of the unique procedural posture of the case. *Id.* at 206. However, this decision was specifically premised on the fact that the case involved a *constructive* termination for convenience. The court explained that "[s]ince the constructive termination for convenience limits the contractor to those claims he would have incurred had there been an actual termination, it is only fair to allow the contractor the equivalent of the legal expenses he would have incurred in preparing a settlement claim after actual termination." *Id.* The court then concluded that "[i]n essence,

---

I also note that the DCAA found SensorCom's settlement proposal to be similarly unreliable in the present case: "[T]he termination settlement proposal was not prepared in all respects in accordance with the appropriate provisions of FAR." (DCAA Audit Rep., Def.'s Ex. 49, at 4.)

plaintiff's legal expenses in preparation for settlement were incurred when it filed its supplemental brief pursuant to the court's order," and so costs associated with that filing were recoverable. *Id.* at 205.

SensorCom is correct insofar as it asserts that *Kalvar* shows that attorneys' fees incurred after the commencement of litigation, instead of during settlement negotiations, may be recoverable under the FAR in rare circumstances. Yet the present case does not involve a constructive termination for convenience, and SensorCom had the opportunity to submit (and did submit) a claim proposal in response to the termination prior to filing its suit. Given these distinctions, *Kalvar* possesses little relevance to this dispute.[3]

SensorCom also cites to *Nicon, Inc. v. United States*, 331 F.3d 878 (Fed. Cir. 2003), a case in which the court awarded "unabsorbed overhead costs" as part of settlement expenses. In so ruling, the court held that "[a]lthough unabsorbed overhead is not specifically listed in the FAR . . . as one of the costs that will be paid under a settlement, it is also not excluded anywhere and could be asserted under the category of 'costs incurred in the performance of the work terminated.'" *Id.* at 885. Latching onto this language, SensorCom invites the Court to "merely substitute the words 'attorneys' fees' for 'unabsorbed overhead,' and the intent is clear." (Pl.'s Mem. at 4.) The folly of "merely substituting" one term of art for another is too obvious to require further explanation here. Furthermore, to the extent that SensorCom argues that *Nicon* endorses "a liberal inclusion of expenses" and not "rigid compliance with accounting or regulatory language," any purported significance is undermined by a critical distinction between

---

[3] Moreover, I note that the *Kalvar* court awarded attorneys' fees only for the cost of preparing the supplemental briefing, not for the cost of the entire litigation. *Kalvar*, 543 F.2d at 206. Accordingly, even if *Kalvar* were applicable to the facts presently before me, it would not support SensorCom's request to be reimbursed for attorneys' fees arising from the entirety of the lawsuit.

6

the cases. The *Nicon* court relied on the fact that the FAR does not specifically prohibit the award "unabsorbed overhead." In contrast, FAR Part 31 clearly delineates the circumstances in which attorneys' fees are and are not compensable. *See* FAR 31.205-42(g)(1)(i)(A) (permitting the award of attorneys' fees incurred in the "preparation and presentation of settlement proposals"); FAR 31.205-47(f)(1) (prohibiting the award of attorneys' fees "incurred in connection with . . . the prosecution of claims or appeals"). Accordingly, *Nicon* provides little support for SensorCom's position, and when construed alongside with *Kalvar*, *OK's Cascade*, and the plain language of FAR Part 31, it is apparent that SensorCom may not recover attorneys' fees incurred in the litigation of this case.

III. <u>Interest</u>

It is well-settled that "the award of prejudgment interest is within the discretion of the district court." *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000). Moreover, FAR 29.112-2 provides that the Scitor may be required to "pay interest on a successful contractor appeal from a contracting officer's determination." In light of these authorities, the parties do not dispute that SensorCom may be due prejudgment interest in some amount. The only question is when this interest began to accrue.

FAR 52.233-1(h) governs this question: "The government shall pay interest on the amount found due and unpaid from . . . the date that the Contracting Officer receives the claim." Because Scitor stands in the shoes of the "Contracting Officer" for the purpose of the present dispute, the determinative question is at what point Scitor first "received a claim" from SensorCom. SensorCom contends that it submitted a claim, and that interest therefore began to accrue, on October 14, 2008 when it first submitted a termination settlement proposal. Scitor

7

argues that it did not "receive a claim" from SensorCom until November 25, 2009, when SensorCom filed suit against Scitor.

Under the FAR, a nonroutine submission, such as a request for payment following a termination for convenience, constitutes a claim if it satisfies the following three elements: "(1) a written demand or assertion, (2) seeking as a matter of right, (3) the payment of money in a sum certain." *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1542 (Fed. Cir. 1996). FAR 52.233-1(a) further provides that this contract "is subject to the Contract Disputes Act of 1978" ("CDA"). "Besides meeting the FAR definition of a claim, the CDA also requires that all claims be submitted to the contracting officer for a [final] decision" in order to constitute a claim. *Ellett*, 93 F.3d at 1543. Thus, a "claim" under the FAR and the CDA is a written demand or assertion, submitted for a final determination, that seeks as a matter of right the payment of money in a sum certain.

Like the present dispute, *Ellett* involved the question of whether a settlement proposal following a termination for convenience constituted a "claim" under the FAR and the CDA. In holding that the settlement proposal was not a claim, the Federal Circuit explained that "[w]hen a contractor submits a termination settlement proposal, it is for the purpose of negotiation, not for a contracting officer's decision. A settlement proposal is just that: a proposal." *Ellett*, 93 F.3d at 1543-44. Accordingly, the court concluded that "while [the plaintiff's] termination settlement proposal met the FAR's definition of a claim, at the time of submission it was not a 'claim' because it was not submitted to the contracting officer for a decision." *Id.* at 1544. Just as in *Ellett*, SensorCom's settlement proposal of October 14, 2008 does not constitute a claim because it did not request a final decision from Scitor. Indeed, the fact that SensorCom itself titled this proposal an "Interim Termination Settlement Proposal" indicates that it was intended to serve as

an entrée into settlement negotiations, not a demand for a final determination. (*See* Pl.'s Ex. F.) Accordingly, SensorCom's initial settlement proposal was not a "claim" under FAR and the CDA, and so prejudgment interest did not begin to accrue on October 14, 2008.

However, Scitor's contention that prejudgment interest did not begin to accrue until the filing of this suit on November 25, 2009 is also incorrect. Although a proposal must be submitted to for a final decision in order to constitute a claim, "[t]his does not require an explicit request for a final decision." *Ellett*, 93 F.3d at 1543. Rather, "'a request for a final decision can be implied from the context of the submission,'" and "as long as what the contractor desires by its submissions is a final decision, that prong of the CDA claim test is met." *Id.* (quoting *Heyl & Patterson, Inc. v. O'Keefe*, 986 F.2d 480, 483 (Fed. Cir. 1993)). Certainly, SensorCom made such a request for a final determination in its letter of February 9, 2009. Unlike previous communications, which were proposals aimed at resolving the case through a settlement, the February 9 letter was not sent "for the purpose of negotiation." *Ellett*, 93 F.3d at 1543. Indeed, SensorCom's letter states that "[w]e have not, and will not, modify our proposal." (Pl.'s Ex. J.) Moreover, the letter concludes by demanding that Scitor either "address this termination settlement and make the appropriate payments on its own" or "forward our settlement proposal to the Government in a timely manner" so that the government can make its own determination about the proposal's reliability. (*Id.*) These statements come close to an explicit request for a final decision, and they undoubtedly show that "what the contractor desires by its submissions is a final decision." *Ellett*, 93 F.3d at 1543. Thus, I hold that SensorCom had submitted a claim to Scitor under the FAR and the CDA by February 9, 2009. Consequently, prejudgment interest accrues from this date, and, as set forth in the table below, amounts to a total award of $200,514.03.

| Time Period | Rate | Days | Interest |
|---|---|---|---|
| 2/9/09 to 6/30/09 | 5.625% | 141 | $49,456.23 |
| 7/1/09 to 12/31/09 | 4.875% | 184 | $55,933.48 |
| 1/1/10 to 6/30/10 | 3.250% | 181 | $36,681.01 |
| 7/1/10 to 12/31/10 | 3.125% | 184 | $35,854.79 |
| 1/1/11 to 5/18/11 | 2.625% | 138 | $22,588.52 |
| TOTAL | | | $200,514.03 |

For the foregoing reasons, SensorCom's Motion for an Award of Attorneys' Fees and Interest is denied in part and granted in part. A separate order implementing this decision is being entered herewith.


Date: May 18, 2011                              /s/

                                                J. Frederick Motz
                                                United States District Judge